IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARRY GREEN, as Personal Representative
of the Wrongful Death Estate of ROLANDA
LAHI, deceased, and FELIZ RAEL, as
Guardian ad Litem of A.S. and A.S., minor
children,

       Plaintiffs,

v.

LAGUNA DEVELOPMENT CORPORATION
d/b/a ROUTE 66 CASINO HOTEL, EDWARD
KHADER, ADRIAN FOX, JESSE OROZCO,
the Estate of LUCAS LEE, STATE OF NEW
MEXICO, NEW MEXICO DEPARTMENT OF
TRANSPORTATION, and FCA US LLC,

       Defendants.

Case No.
(removal from: First Judicial
District Court, Santa Fe County
No. D-101-CV-2022-00034

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Laguna Development Corporation ("LDC") removes the above-captioned action from the First Judicial District of Santa Fe County, New Mexico, to the United States District Court for the District of New Mexico. As grounds, the LDC States:

1. On January 12, 2022, Plaintiffs filed their First Amended Complaint (the "Complaint") in the First Judicial District Court, Santa Fe County, New Mexico. The court assigned this action Case No. D-101-CV-2022-00034.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the First Amended Complaint served in this action is attached to this Notice as Exhibit A. In compliance with D.N.M.LR.-Civ.

81.1(a), LDC will file with the Clerk copies of records and proceedings from the state court action within twenty-eight (28) days after filing notice of removal.

3. On March 4, 2022, LDC, along with LDC employee defendants, filed their responsive pleading entitled "Rule 1-012(B)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction by the Laguna Development Corporation Defendants."

4. On March 18, 2022, the same defendants filed an "Amended Rule 1-012(B)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction by the Laguna Development Corporation Defendants" (the "Motion"). The Motion is attached to this Notice as Exhibit B.

5. LDC contends in the Motion that Plaintiffs' dram shop liability and associated spoliation claims arose within tribal territory at a tribal gaming facility operated by a LDC (a tribal gaming enterprise of the Pueblo), pueblo law governs the service of alcohol at a tribal gaming facility, state law recognizes tribal authority over such sales, and Plaintiff's claims fall within the Pueblo's sovereign authority and are protected from state court adjudication under the federal infringement doctrine announced in *Williams v. Lee,* 358 U.S. 217 (1959). Motion at 1.

6. On April 5, 2022, Plaintiffs filed their "Response in Opposition to Defendant Laguna Development Corporation's Amended Motion to Dismiss" (the "Response"). The Response is attached to this Notice as Exhibit C.

7. Plaintiffs argue in the Response that state court jurisdiction is proper pursuant to the purported jurisdiction-shifting provision in Section 8(A) of the gaming compact entered into between the Pueblo of Laguna and the State of New Mexico (the "Compact"). Response at 16, 20-22. In the Response Plaintiffs first asserted § 8(A) of the Compact as the basis for state court jurisdiction. The Complaint makes no jurisdictional allegations concerning the § 8(A) purported jurisdiction-shifting provision.

8. This Notice of Removal is filed within 30 days of the Response and is timely. 28 U.S.C § 1446(b)(3) ("[I]f the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

9. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of New Mexico.

10. Removal is proper pursuant to 28 U.S.C. §§ 1441 because Plaintiff's claims present a federal question.

11. Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc., v. Thompson,* 478 U.S. 804, 808-09 (1986) (citation omitted). Determining whether an action meets federal question jurisdiction usually requires the court to look first to the face of the plaintiff's well-pleaded complaint." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). But presumptions typically applicable to state courts of general jurisdiction "do not necessarily hold true when a case involves a tribe or its members." *Ute Indian Tribe of the Uintah & Ouray Reservation v. Lawrence*, No. 18-4013, 2022 U.S. App. LEXIS 416, at *8 (10th Cir. Jan. 6, 2022). Resolving whether a complaint is well-pleaded does not end the inquiry in a small category of cases where a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 314 (2005).

12. In other words, federal issues embedded in state law claims sustain federal question jurisdiction where federal issues are: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton,* 568 U.S. 251, 258 (2013).

13. This case meets these requirements. To begin, Plaintiffs right to relief depends on whether the State or the Pueblo has jurisdiction over dramshop claims arising on Indian land. *Massachusetts v. Wampanoag Tribe of Gay Head (Aquinnah)*, 36 F. Supp. 3d 229, 234 (D. Mass. 2014) (finding the "necessarily raised" *Gunn* element met where adjudication of a state law cause of action would require "a determination as to whether a state or a federally recognized Indian tribe has jurisdiction over gaming on Indian lands—which is clearly a matter of federal law").

14. The jurisdictional issue is "actually disputed." LDC contends tribal jurisdiction is exclusive and Plaintiffs argue that the Compact validly shifts jurisdiction to state court. *See id.* at 228-229 (finding disagreement regarding the existence of state jurisdiction to satisfy the "actually disputed" element under *Gunn*).

15. The jurisdictional issue under the Indian Gaming Regulatory Act of 1986, 25 U.S.C. 2701-2721 ("IGRA") is substantial. Whether a question is substantial depends not on its importance to the parties, but rather its importance to the federal system. *Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, No. 19-1330, 2022 U.S. App. LEXIS 3458, at *54 (10th Cir. Feb. 8, 2022). The importance to the federal system is evident in the continuing schism in interpreting IGRA with federal courts, including the United States Supreme Court, the Tenth Circuit Court of Appeals, and this district, interpreting IGRA in one manner and the New Mexico Court of Appeals applying a different standard with conflicting results. *Compare*

*Navajo Nation v. Dalley*, 896 F.3d 1196, 1218 (10th Cir. 2018) (following *Michigan v. Bay Mills Indian Community*, 572 U.S. 782 (2014), and holding the Compact's jurisdiction-shifting provision invalid in tribal gaming facility slip-and-fall case) and *Pueblo of Santa Ana v. Nash*, 972 F. Supp.2d 1254, 167 (D.N.M. 2013) (same in dram shop liability case arising at tribal gaming facility) with *Sipp v. Buffalo Thunder, Inc.*, 2022-NMCA-015, ¶ 15 n.2, __ N.M. __ (acknowledging that the New Mexico Court of Appeals cannot reject existing New Mexico Supreme Court precedent even in the face of contrary federal precedent on matters of federal law, including from the United States Supreme Court) (cert. granted).

16. Establishment of "Federal standards for gaming on Indian lands" and providing a statutory basis for "the operation of gaming by Indian tribes as a means of promoting tribal economic development, self-sufficiency, and strong tribal governments" are among IGRA's important federal policies. 25 U.S.C. § 2702 (1) and (3); *see California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 216-17 (1987) (stating, in the context of gaming in Indian territory, that Indian sovereignty and the congressional goal of Indian self-government are "important federal interests.") *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 216-17 (1987). The important federal issues involved and the conflict between federal courts and the New Mexico appellate courts on matters of federal Indian law, which is a special area of federal concern under the Indian Commerce Clause, demonstrates that this case involves substantial federal issues.

17. This Court may address this case without disrupting the federal-state balance approved by Congress. State courts' "adjudicative authority over Indians for on-reservation conduct is greatly limited by federal law." *Lawrence*, No. 18-4013, 2022 U.S. App. LEXIS 416, at *8 (10th Cir. Jan. 6, 2022) (citation omitted). "These limits reflect a longstanding federal

policy—enforceable against the states under the federal government's plenary and exclusive constitutional authority to legislate in respect to Indian tribes—of 'leaving Indians free from state jurisdiction and control." *Id.* (internal citations and quotes omitted). Congress has "acted consistently upon the assumption that the [s]tates have no power to regulate the affairs of Indians on a reservation" and that judicial precedents "have consistently guarded the authority of Indian governments over their reservations." *Williams,* 358 U.S. at 220, 220 (1959). Thus, when a case brought against a tribe or its members "arising from conduct in Indian country," state courts lack jurisdiction "absent clear congressional authorization." *Dalley*, 896 F.3d at 1204. In addressing abstention issues in a declaratory judgment action concerning the Compact's purported jurisdiction-shifting provision, Judge Bruce Black concluded that the "federal nature of the law and of the issues to be decided, combined with . . . lack of state jurisdiction, reduce[d] the State's interest in this litigation to the vanishing point." *Pueblo of Santa Ana v. Nash*, 854 F. Supp. 2d 1128, 1142 (D.N.M. 2012).

18. As evident in *Nash* and *Dalley,* the schism between New Mexico and federal courts regarding whether IGRA authorizes the purported jurisdiction-shifting provision has led federal courts to entertain official capacity suits against New Mexico district court judges while the state court judge still presided over pending state court cases. By removing a case from the state court, federal removal jurisdiction avoids potential conflicts arising from two courts simultaneously exercising jurisdiction over related cases. In this regard, the exercise of removal jurisdiction may be more sensitive to the federal-state balance than actions seeking declaratory relief. It also preserves the federal court's important role in interpreting IGRA, a federal statute, concerning Indian economic development, an area over which the United States has a unique and federal trust responsibility.

19. To the extent that the foregoing bases for federal jurisdiction do not extend to one or more of Plaintiff's claims, this Court has supplemental jurisdiction over such claim or claims pursuant to 28 U.S.C. § 1367.

20. LDC will promptly file a copy of this Notice of Removal with the Clerk of the County of Santa Fe, First Judicial District, New Mexico and give written notice of the filing of this Notice of Removal to Plaintiff's counsel and other counsel of record.

21. All Defendants consent to the removal of this action. The undersigned also represents LDC employees Edward Khader, Adrian Fox, and Jesse Orozco and indicates their consent here. Defendants New Mexico Department of Transportation and FCA US LLC also consented in writing to removal and their consent is indicated with their authorization below.

22. By filing this Notice of Removal, LDC does not waive any defenses that may be available to them.

23. LDC has submitted a Civil Cover Sheet and payment of the required filing fee.

WHEREFORE, Defendant Laguna Development Corporation removes this action from the First Judicial District, No. D-101-CV-2022-00034, to this Court.

Dated: May 4, 2022

Respectfully submitted:

JENNINGS HAUG KELEHER McLEOD LLP

By: /s/ David W. Peterson
David W. Peterson
P.O. Box AA
Albuquerque, NM 87103
Tel: (505) 346-4646
Fax: (505) 346-1370
dwp@jhkmlaw.com
*Attorneys for Defendants Laguna Development Corporation, Edward Khader, Adrian Fox, and Jesse Orozco*

**CONSENT TO REMOVAL OF NON-LDC DEFENDANTS**

By: *Via email on 5/2/2022*
    PEGUE & THOMPSON, a Partnership
    Philip Thompson
    210 Montezuma Avenue Suite 220
    Santa Fe, NM 87501
    Tel: (505) 772-0437
    pht@peguethompsonlaw.com
    *Attorneys for Defendant*
    *New Mexico Department of Transportation*

By: *Via email on 5/2/2022*
    Tomas J. Garcia
    MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico 87102
    Tel: (505) 848-1800
    Tomas.garcia@modrall.com
    *Attorneys for Defendant FCA US LLC*

NM13295-27/50G2597.DOCX